# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DERWIN JONES,

    Petitioner,

v.                                           Case No. 05-CV-304

JUDY SMITH[1],

    Respondent.

## DECISION AND ORDER

## NATURE OF THE CASE

On March 21, 2005, petitioner Derwin Jones filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted of first-degree sexual assault by use of a dangerous weapon in violation of Wis. Stat. § 940.255(1)(b) and was sentenced to a 30-year prison term. The petitioner challenges the judgment of his conviction on the following grounds: (1) denial of his Fifth and Fourteenth Amendment due process rights based on his erroneous conviction on a charge of child enticement; (2) denial of his Sixth and Fourteenth Amendment due process rights based on the court's consideration of a weapon penalty enhancer, which was not submitted to the jury; (3) denial of his Fifth and Fourteenth Amendment due process rights and his Sixth Amendment right to confrontation based on the trial court's limitation of expert testimony or medical evidence favorable to the petitioner; (4)

---

[1]     Judy Smith, the warden at Oshkosh Correctional Institution, is the proper respondent in this action. See Rule 2, Rules Governing Habeas Corpus Cases Under Section 2254. As a result, Warden Judy Smith has been substituted for Gregory Grams as the respondent in this action.

ineffective assistance of trial and appellate counsel based on their failure to (a) pursue the potentially exculpatory medical information related to the victim and (b) object to a faulty indictment identifying the wrong statute involving child enticement.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

Chief United States District Judge Rudolph T. Randa conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed on April 18, 2005, Judge Randa stated that the court "can not say that it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Judge Randa ordered the respondent to respond to the petition for a writ of habeas corpus.

The respondent answered the petition. The parties subsequently briefed the petition for a writ of habeas corpus and, therefore, the petition is ready for disposition and will be addressed herein.

## **SCOPE OF REVIEW OF STATE COURT RULINGS**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

<u>Washington</u>, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" <u>Id.</u> (quoting <u>Williams</u>, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." <u>Hennon v. Cooper</u>, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." <u>Hall v. Washington</u>, 106 F.3d 742, 748-49 (7th Cir. 1997). In <u>Morgan v. Krenke</u>, 232 F.3d 562 (7th Cir. 2000) the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting <u>Williams</u>, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. <u>Washington</u>, 219 F.3d at 628.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The facts of this case were set forth by the Wisconsin Court of Appeals in its January 9, 2002, decision on direct appeal:

> The complaint alleged that on December 1, 1998, Jones encountered the sixteen-year-old victim on the street and forced her to accompany him to a nearby hospital by showing her the blade of a knife, grabbing her arm and threatening to kill her. Once at the hospital, Jones took her to a secluded women's restroom and sexually assaulted her. Jones contended that he had consensual sexual relations with the victim in exchange for money, which he did not give her. Jones denied using a knife.

- 4 -

Case 2:05-cv-00304-PJG   Filed 03/26/08   Page 4 of 18   Document 37

> At trial, the victim testified that Jones brandished a knife blade from his sleeve and was holding the knife while they were in the hospital restroom. After the assault, the victim left the hospital and went to find friends. One of those friends testified that the victim told him she had been sexually assaulted by Jones at the hospital and that Jones had brandished a knife. A police detective testified that the victim told him the same thing.

(Answer, Exh. E at 2).

Prior to trial, the petitioner sought to introduce evidence that the victim had gonorrhea. The petitioner asserted that although the evidence was inadmissible under Wisconsin's rape shield law, Wis. Stat. § 972.11, it's introduction was necessary so as not to violate his Sixth Amendment right to confront the victim and present a defense. The trial court denied the petitioner's request, holding that the information was not relevant because there was no evidence that the victim knew she had gonorrhea until after she reported the assault. (Answer, Exh. Q at 10-11).

On December 8, 1995, after a jury trial at which Kenosha County Circuit Court Judge Barbara A. Kluka presided, the petitioner was convicted of one count of first-degree sexual assault by use of a dangerous weapon in violation of Wis. Stat. § 940.255(1)(b) and one count of child enticement for the purposes of sexual contact or intercourse, with a penalty enhancer for use of a dangerous weapon in violation of Wis. Stat. §§ 948.07(1) and 939.63. Subsequently, Judge Kluka sentenced the petitioner to 50 consecutive years of imprisonment.

Thereafter, by new counsel, the petitioner filed a direct appeal asserting that the state violated his right to remain silent, the trial court denied his right to confrontation by prohibiting cross-examination of the motive an inmate witness had to testify for the state and the trial court erred by failing to instruct the jury on a lesser included offense. The Wisconsin Court of

- 5 -

Appeals affirmed the petitioner's conviction on direct appeal. The Wisconsin Supreme Court denied the petitioner's petition for review on March 19, 2002.

In July and September of 2002, the petitioner filed pro se Wis. Stat. § 974.06 motions in the Kenosha County Circuit Court, contending that he was denied the effective assistance of counsel and that he had been improperly convicted of child enticement with the use of a dangerous weapon. The state and the circuit court agreed with the petitioner's latter claim and the court vacated the petitioner's child enticement conviction. The circuit court denied his ineffective assistance of counsel claims. Although the petitioner appealed the denial, he voluntarily dismissed his appeal prior to a decision by the Wisconsin Court of Appeals. On April 3, 2003, the court dismissed the petitioner's appeal.

On November 4, 2003, the petitioner filed a pro se petition for a writ of habeas corpus in the Wisconsin Court of Appeals pursuant to State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (Wis. 1992). In his petition, the petitioner asserted that (1) the jury was prejudiced in reaching its verdict on the sexual assault charge because it had heard evidence about the later-vacated enticement charge; (2) the jury was improperly instructed on the nexus requirement between his sexual assault conviction and the use of a dangerous weapon; and (3) trial and postconviction counsel were ineffective for not investigating whether there were any public health records documenting the victim's diagnosis with a sexually transmitted disease. On December 15, 2004, the court of appeals denied the petitioner's petition ex parte and the Wisconsin Supreme Court denied the petitioner's petition for review on March 8, 2005.

- 6 -

Case 2:05-cv-00304-PJG   Filed 03/26/08   Page 6 of 18   Document 37

## **ANALYSIS**

In this case, upon the petitioner's pro se Wis. Stat. § 976.04 postconviction motion, the circuit court vacated the petitioner's child enticement conviction. The court concluded that the petitioner had been incorrectly charged and convicted of child enticement under Wis. § 948.07(1), which prohibits having sexual contact or sexual intercourse with the person in violation of Wis. Stat. § 948.02 or § 948.095. The state had charged the petitioner with enticement with the intent to violate Wis. Stat. § 948.02. Section 948.02, however, only applies to crimes committed against persons less than 16 years old and the victim in this case was 16 at the time of the assault.

The petitioner asserts that the evidence introduced by the state in support of the improper child enticement charge prejudicially influenced the jury to convict him of first-degree sexual assault in violation of his right to due process.

At the outset, the court notes that at footnote 3 of her brief the respondent states the following:

> The lack of a state court decision on the merits of [the petitioner's] due process version of [the petitioner's claim that the evidence of the child enticement charge improperly influenced the jury] is not surprising, given that this argument was made in a *Knight* petition, which is solely a procedure for challenging the effectiveness of appellate counsel. Further, it is not entirely clear that Jones made a due process argument in his *Knight* petition. Although, arguably, then, this claim would be procedurally defaulted, respondent did not allege this in his answer and has waived the defense. *See Cossel v. Miller*, 229 F.3d 649, 653 (7th Cir. 2000).

In Cossel v. Miller, 229 F.3d 649, 653 (7th Cir. 2000), the state argued for the first time on appeal that the petitioner had procedurally defaulted a particular ineffective assistance of counsel claim by failing to present it to the Indiana Supreme Court. The court noted that the

- 7 -

state's argument was contrary to its position before the district court that the claim was adequately presented to the state courts and had been preserved for federal review. The court held that

> A litigant that fails to present an argument to the district court cannot rely on that argument in the court of appeals, and this rule certainly encompasses a litigant that adopts a position on appeal that is contrary to its position in the district court.

Cossel, 229 F.3d at 653. Thus, the court concluded that by failing to make its procedural default argument before the district court, the state had waived it.

In this case, however, the respondent has not taken a position that is contrary to asserting a procedural default defense. Rather, the respondent failed to allege the affirmative defense of procedural default in her answer. The court of appeals for this circuit has held that the failure of the state to assert a procedural default in its answer "is normally not enough, standing alone, to demonstrate the intent to relinquish the defense that is the essence of true waiver." Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004).

> [I]n the view of the interests of comity, federalism, and judicial efficiency presented by a habeas petitioner's failure to properly present his constitutional claim to the state courts before seeking habeas relief in federal court, it can be appropriate for a federal court to overlook the State's failure to timely assert (or to assert at all) the petitioner's procedural default.

Id. at 518.

Here, the respondent did not implicitly or explicitly waive the affirmative defense of procedural default. Therefore, the court may make an inquiry, sua sponte[2], into whether the procedural default of the petitioner's claim is present to determine whether the petitioner has

---

[2] As previously discussed, the respondent did raise the petitioner's procedural default of his claim in a footnote. She did not develop the argument, however, because she believed that she had waived it by not alleging it in her answer.

- 8 -

satisfied the requirements of the habeas corpus statute. Id. (citing Kurzawa v. Jordan, 146 F.3d 435, 440 [7th Cir. 1998] ["If the State does not explicitly or implicitly forego the [procedural default] defense, we may make sua sponte inquiry into whether a procedural default is manifest 'and decide whether comity and judicial efficiency make it appropriate to consider the merits' of the petitioner's arguments."]).

Section 2254 of 28 U.S.C. requires that:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries–whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). Thus, the petitioner first must give the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d 450, 453 n.4 [7th Cir. 1984] ["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999).

In order to avoid procedural default, a petitioner must fairly present a claim "at each and every level in the state court system . . .." See Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004) (citing O'Sullivan, 526 U.S. at 844-45). The Court of Appeals for the Seventh Circuit explained that "[a] habeas petitioner who has exhausted his state court remedies without

- 9 -

properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Lewis, 390 F.3d at 1026 (internal citations omitted).

A review of the petitioner's brief filed in support of his pro se petition for a writ of habeas corpus alleging ineffective assistance of appellate counsel under State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), reveals that the only reference to the due process clause is with respect to the Sixth Amendment right to counsel. The Sixth Amendment right to counsel is made applicable to the states through the due process clause of the Fourteenth Amendment. See Gideon v. Wainwright, 372 U.S. 335 (1963). Thus, the court finds that the petitioner did not fairly present a due process claim to the state courts with respect to the admission of the child enticement evidence. See O'Sullivan, 526 U.S. at 844-45. Accordingly, the petitioner procedurally defaulted such a claim.

In addition to asserting a due process violation, the petitioner also asserts that his postconviction counsel was ineffective for failing to challenge trial counsel's ineffectiveness with respect to the improper child enticement charge. Specifically, the petitioner asserts that his trial counsel was ineffective for failing to challenge the child enticement charge and the resulting introduction of the evidence of the crime of child enticement. In response, the respondent contends that the Wisconsin Court of Appeals' conclusion that even if counsel had objected to the enticement charge and it had been dismissed, the evidence that supported the charge would have still been admissible as proof of the sexual assault is reasonable based on the facts of the case.

Ineffective assistance of counsel claims are analyzed under Strickland v. Washington, 466 U.S. 668 (1984). Strickland is "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28. Pursuant to

Strickland, a petitioner "must show that counsel's performance was deficient . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In other words, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

Thus, this court must determine whether the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of counsel claim was either "contrary to, or involved an unreasonable application of" the performance and prejudice rules set out in Strickland. See Washington, 219 F.3d at 628. Since the Wisconsin Court of Appeals applied the performance and prejudice rules as set out in Strickland, this court need only address whether the court's decision involved an unreasonable application of Strickland. See Williams v. Taylor, 529 U.S. 362, 417 (2000) (Rehnquist, C.J., concurring in part and dissenting in part) ("Generally, in an ineffective-assistance-of-counsel case where the state court applies Strickland, federal habeas courts can proceed directly to 'unreasonable application' review.").

The Wisconsin Court of Appeals, deciding only the prejudice component as is allowed under Strickland, see Chichakly, 926 F.2d at 630-31, concluded that "there is no reasonable

- 11 -

Case 2:05-cv-00304-PJG   Filed 03/26/08   Page 11 of 18   Document 37

probability that had the jury not heard evidence associated with the child enticement count, it would have acquitted Jones of first-degree sexual assault." (Answer, Exh. L at 3). Specifically, the court concluded that there was enough independent evidence of the sexual assault for a reasonable jury to convict on that count. The court also concluded that evidence of the child enticement count, which explained how the petitioner managed to get the victim into the secluded hospital restroom where he sexually assaulted her, was admissible to set out the background facts leading up to the sexual assault offense.

Although the petitioner was incorrectly charged and convicted of child enticement under Wis. § 948.07(1), evidence that supported the child enticement charge would have been admissible as proof of the sexual assault because both the child enticement charge and the sexual assault charge arose from the same conduct, specifically the petitioner forcing the victim into the hospital bathroom at knife point and sexually assaulting her. The information that was elicited to support the enticement charge was necessary to explain how the petitioner forced the victim into the bathroom where he sexually assaulted his victim. Accordingly, although the petitioner's trial counsel was arguably deficient for failing to challenge the child enticement charge and the resulting introduction of the evidence of the crime of child enticement, the state court's decision that the petitioner was not prejudiced by the deficiency was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. at 412-13.

The petitioner also asserts that the trial court violated his right to due process by precluding him from introducing testimony about his victim having a sexually transmitted disease. The petitioner asserts that he should have been allowed to introduce evidence that
- 12 -

probability that had the jury not heard evidence associated with the child enticement count, it would have acquitted Jones of first-degree sexual assault." (Answer, Exh. L at 3). Specifically, the court concluded that there was enough independent evidence of the sexual assault for a reasonable jury to convict on that count. The court also concluded that evidence of the child enticement count, which explained how the petitioner managed to get the victim into the secluded hospital restroom where he sexually assaulted her, was admissible to set out the background facts leading up to the sexual assault offense.

Although the petitioner was incorrectly charged and convicted of child enticement under Wis. § 948.07(1), evidence that supported the child enticement charge would have been admissible as proof of the sexual assault because both the child enticement charge and the sexual assault charge arose from the same conduct, specifically the petitioner forcing the victim into the hospital bathroom at knife point and sexually assaulting her. The information that was elicited to support the enticement charge was necessary to explain how the petitioner forced the victim into the bathroom where he sexually assaulted his victim. Accordingly, although the petitioner's trial counsel was arguably deficient for failing to challenge the child enticement charge and the resulting introduction of the evidence of the crime of child enticement, the state court's decision that the petitioner was not prejudiced by the deficiency was not contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. at 412-13.

The petitioner also asserts that the trial court violated his right to due process by precluding him from introducing testimony about his victim having a sexually transmitted disease. The petitioner asserts that he should have been allowed to introduce evidence that

the victim had gonorrhea and that he did not have gonorrhea because such evidence would establish that she was fabricating the charges.

A review of the record reveals that the petitioner never raised a due process claim with respect to the trial court's exclusion of evidence of the victim's sexually transmitted disease pursuant to Wisconsin's rape shield statute, Wis. Stat. § 972.11. Rather, the petitioner raised it as a Sixth Amendment confrontation claim. Moreover, that is how he addressed the claim in his brief filed in support of his petition. Therefore, the court finds that the petitioner did not fairly present a due process claim to the state court with respect to the trial court's exclusion of evidence of the victim's sexually transmitted disease. See O'Sullivan, 526 U.S. at 844-45. Accordingly, the petitioner procedurally defaulted this claim.

As previously noted, on direct appeal, the petitioner raised a Sixth Amendment confrontation claim, asserting that his right to confront his victim and present a defense overcame Wisconsin's rape shield statute. He also asserted a Sixth Amendment confrontation claim in the brief filed in support of his petition. He did not, however, allege such a claim in his petition.

A petition is not amended by an argument in a party's brief. See Insolia v. Philip Morris Inc., 216 F.3d 596, 606 (7th Cir. 2000) (The plaintiff may not amend her complaint through arguments in her brief in opposition to a motion for summary judgment). Thus, any Sixth Amendment confrontation claim the petitioner now makes is summarily rejected.

The petitioner maintains that his trial counsel was ineffective for not investigating state sexually transmitted disease records to determine if his victim knew she had gonorrhea at the time of the assault. He also asserts that postconviction counsel was ineffective for failing to assert that trial counsel was ineffective for not investigating this issue.

- 13 -

The respondent asserts that the petitioner's ineffective assistance of counsel claim is procedurally defaulted because he raised it in his Knight[3] petition and the Wisconsin Court of Appeals declined to address it after concluding it should have been initially raised in the trial court in a Wis. Stat. § 974.06 postconviction motion. Alternatively, the respondent maintains that the petitioner's ineffective assistance of counsel claim is procedurally defaulted because the petitioner never presented it to the Wisconsin Supreme Court.

"If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate depends on federal law. Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997). A procedural default constitutes an independent state-law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision." Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]). The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling." Id. (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038 [1989]).

"To be an adequate ground of decision, the state's procedural rule must be both firmly established and regularly followed." Id. (quotations omitted). It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly." Id. (quotations omitted). Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford

---

[3] State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540, 543 (Wis. 1992).

v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 [1991]). The disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture. Liegakos, 106 F.3d at 1385.

The last state court to consider the issue, the Wisconsin Court of Appeals, relied on procedural default as the basis of its decision. The court determined that the petitioner's claim that counsel should have investigated the victim's sexually transmitted disease status "implicated the conduct of trial counsel, who should have investigated as part of circuit court proceedings, and postconviction counsel, who might have argued that trial counsel was ineffective for not investigating." (Answer, Exh. L at 4). Thus, the court concluded that the petitioner's "claims must be brought in the circuit court pursuant to [State ex rel.] Rothering [v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Wis. Ct. 1996)]." (Answer, Exh. L at 5). Therefore, the court did not address the petitioner's ineffective assistance of counsel claim relating to trial counsel's failure to investigate the victim's sexually transmitted disease status. Thus, the procedural default constitutes an independent state procedural ground.

In State ex. rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136 (Wis. Ct. App. 1996), the court mandated that habeas corpus petitions based on ineffective assistance of postconviction (as distinguished from appellate) counsel be filed in the trial court. It is "firmly established and regularly followed" and applied in a "consistent and principled way." See Braun, 227 F.3d at 912.

This court concludes that the Wisconsin Court of Appeals' decision rested on a state ground which was both independent and adequate to support the judgment. Accordingly, the

Case 2:05-cv-00304-PJG   Filed 03/26/08   Page 15 of 18   Document 37

petitioner's ineffective assistance of counsel claim relating to trial counsel's failure to investigate the victim's sexually transmitted disease status is barred by procedural default.

Finally, the petitioner maintains that his right to due process was violated when the state failed to adequately prove the "use of a dangerous weapon" penalty enhancer. More specifically, the petitioner maintains that the jury was not instructed on the "nexus" requirement for "use of a dangerous weapon" penalty enhancer on the first-degree sexual assault charge. In response, the respondent asserts that the petitioner was only charged with a Wis. Stat. § 939.63 penalty enhancer for his enticement conviction, which has been vacated. The respondent further asserts that "use of a dangerous weapon" was an element of the sexual assault offense, not a penalty enhancer.

In deciding this issue, the Wisconsin Court of Appeals concluded that the petitioner

> confuses the jury instructions required to meet the nexus requirement when an offense is enhanced by a weapon enhancer . . . with the instructions for the elements of first-degree sexual assault by use of a dangerous weapon. The circuit court gave the pattern jury instruction for first-degree sexual assault.

(Answer, Exh. L at 3).

The United States Supreme Court has held that "other than the fact of a prior conviction, any fact that increases the penalty for crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); see also, Jones v. United States, 526 U.S. 227, 243, n.6 (1999) and Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998).[4] In this case, the circuit court gave the pattern jury instruction for first-degree sexual assault which included, as an element, the use of a dangerous weapon. Thus, the jury determined beyond a reasonable

---
[4] The court notes that Apprendi was decided after the petitioner's conviction.

doubt that the petitioner used a dangerous weapon to facilitate the sexual assault. Accordingly, the Wisconsin Court of Appeals did not come to a conclusion which in any way violates Supreme Court precedent. Thus, the petitioner's petition for writ of habeas corpus on this basis will be denied.

Because this court finds that the some of the petitioner's claims are procedurally defaulted, it may grant habeas relief on these grounds only if the petitioner can show cause and prejudice for his failure to exhaust his claims, or that failure to review would result in a fundamental miscarriage of justice. Todd v. Schomig, 283 F.3d 842, 848 (7th Cir. 2002). "The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) (quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]). A "fundamental miscarriage of justice" is shown where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriguez v. Scillia, 193 F.3d at 917 (quoting Murray, 477 U.S. at 495-96). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F.3d at 917.

The petitioner has not presented any evidence pertaining to the cause for his procedural default. Additionally, the petitioner has not attempted to show [and there is nothing in the record to show] that he was wrongly convicted. See Howard v. O'Sullivan, 185 F.3d 721, 726 (7th Cir. 1999). In other words, the petitioner has not "made an attempt to show actual innocence, as opposed to legal innocence, as required to support the finding of a fundamental miscarriage of justice." Spreitzer v. Schomig, 219 F.3d 639, 648-49 (7th Cir. 2000). The petitioner has failed "to show that it is more likely than not that no reasonable juror would have convicted him."

Rodriguez, 193 F.3d at 917. Therefore, this court may not reach the merits of the petitioner's procedurally defaulted claims. See Perruquet, 390 F.3d at 522; Spreitzer, 219 F.3d at 648.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that respondent Judy Smith, warden at Oshkosh Correctional Institution be and hereby is **substituted** in place of Gregory Grams.

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 26th day of March, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge